## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KELLIE JEAN KEMP, INDIVIDUALLY, AND ON
BEHALF OF ALL SIMILARLY SITUATED PERSONS                    PLAINTIFF

v.                        CIVIL ACTION NO. 4:10-CV-1122JLH

FRANK FLETCHER COMPANIES, LTD,
AN ARKANSAS LIMITED PARTNERSHIP; and,
FRANK FLETCHER AUTO GROUP, LLC,
AN ARKANSAS LIMITED COMPANY                             DEFENDANTS

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The plaintiff has alleged that the defendants failed and refused to pay her, and other similarly situated persons, minimum wage for all hours worked. (Complaint, ¶ 2) According to the plaintiff, the defendants violated her rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. (Complaint, ¶ 3)

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages" at the rates defined therein. 29 U.S.C. §206(a)(1). Thus, the FLSA requires that an "employer" pay "his employees" minimum wage (provided that the employee is covered by the Act) (emphasis added). *See Id.* As a result, a lawsuit filed pursuant to the FLSA must be filed against the plaintiff's employer. The FLSA does not authorize or allow a lawsuit against any person or entity other than the plaintiff's employer. *See Id.*; *Reich v. Conagra, Inc.*, 987 F.2d 1357, 1360 (8th Cir. 1993) (holding that if "no employer-employee relationship exists...the Act is inapplicable"). The only proper defendant is the plaintiff's employer. As set forth below, the

plaintiff has failed to sue the plaintiff's employer. As a result, the complaint should be dismissed pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure.[1]

On April 7, 2008, the plaintiff was hired by Fletcher Automotive No. 20, LLC d/b/a Fletcher Chrysler Dodge Jeep ("Fletcher Chrysler") in Joplin, Missouri. The plaintiff worked continually for Fletcher Chrysler until she was terminated on January 8, 2010. The plaintiff worked as a salesperson. As evidenced by the Affidavit of Ana Hurst, the controller for Fletcher Chrysler, Fletcher Chrysler was clearly the plaintiff's "employer" under the FLSA. *See Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802-803 (E. D. Ark. 1990) ("The courts have looked to factors such as control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the 'employer'"). There is no good faith basis to contend otherwise. The Affidavit of Ana Hurst is attached hereto as Exhibit "A".

Importantly, the plaintiff was well aware that her employer was Fletcher Chrysler when she filed this lawsuit. Indeed, immediately after her termination, the plaintiff filed a claim for unemployment against Fletcher Chrysler. (Exhibit A, Attachment 1)  The plaintiff also acknowledged receipt of two employee handbooks, both of which made absolutely clear that the handbook was prepared for all employees of Fletcher Chrysler. (Exhibit A, Attachment 3) The acknowledgement form signed by the plaintiff on August 28, 2009, specifically provides as follows:  "The Employee Handbook describes important information about Fletcher Chrysler Dodge Jeep.  I have entered into my employment relationship with the Company [defined as

---

[1] The defendants could have simply raised this issue in their answer and then proceeded with a subsequent summary judgment motion. However, the defendants do not believe it would be appropriate to simply hide behind the log on this most basic and threshold issue (i.e., the plaintiff's obligation to sue the correct party). The defendants do not want to cause any unnecessary delay. Without going into detail regarding the plaintiff's allegations, the plaintiff was always paid at least minimum wage based on the time she recorded.

Fletcher Chrysler Dodge Jeep] voluntarily and acknowledge that there is no specified length of employment." The plaintiff also received numerous benefits as an employee of Fletcher Chrysler (including, but not limited to, holiday pay, vacation leave, sick leave, FMLA leave, bereavement leave, military leave, jury-duty leave and workers-compensation coverage). In addition, and throughout her entire employment with Fletcher Chrysler, the plaintiff was required to punch a time card (at one of the three time-card machines located in the Fletcher Chrysler facility) in order to keep up with the hours she worked for Fletcher Chrysler.[2] (Exhibit A, Attachment 2)

The plaintiff was a salesperson for Fletcher Chrysler for approximately 20 months, worked daily with other employees of Fletcher Chrysler, received benefits as an employee of Fletcher Chrysler, punched her time card at Fletcher Chrysler and filed an unemployment claim against Fletcher Chrysler. The plaintiff knew full well that she was employed by Fletcher Chrysler when she filed the instant lawsuit. Yet, the plaintiff did not sue her employer in this lawsuit – a lawsuit that can only be filed against her employer.[3]

Rather than naming her employer, the plaintiff has named Frank Fletcher Companies, LTD (incorrectly designated as an Arkansas Limited Partnership) and Frank Fletcher Auto

---

[2] Each salesperson at Fletcher Chrysler keeps up with his/her time worked by punching a time card. Each week, Fletcher Chrysler pays its salespersons, at the very least, minimum wage based on the hours reflected on the time cards kept by the salespersons. The importance of keeping accurate time cards is emphasized to all salespersons. Each week, the time cards are reviewed and the hours and pay calculated under the supervision of Fletcher Chrysler's controller, Ana Hurst. Salespersons for Fletcher Chrysler are certainly expected to make more than minimum wage based on commissions, but they are always paid at least minimum wage. (Exhibit A)

[3] The plaintiff is a resident of Joplin, Missouri. Fletcher Chrysler is located in Joplin, Missouri. The plaintiff always worked in Joplin, Missouri. The plaintiff claims that her employer (Fletcher Chrysler) did not pay her minimum wage (although plaintiff knew that her wages were based on the time cards she turned into Fletcher Chrysler each week). Although the defendants do not object to the venue selected by the plaintiff, it is certainly strange that the plaintiff, a Joplin resident with a wage claim against a company located in Joplin, would file her lawsuit in the Eastern District of Arkansas.

Group, LLC as defendants in this case. These defendants were not the plaintiff's employer and were not "joint employers" within the meaning of the FLSA or any interpretation thereof. *See* 29 C.F.R. §791.2(a); *Chao v. A-One Medical Services, Inc.*, 346 F. 3d 908, 917 (9th Cir. 2003) ("Whether two companies constitute a single enterprise for FLSA coverage and whether they are liable as joint employers under §207 are separate issues"); *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) (recognizing that the "enterprise analysis is different from the analysis of who is liable under the FLSA" and that the "finding of an enterprise is relevant only to the issue of coverage"). As a result, the named defendants were not properly joined in this lawsuit. If necessary, this issue will be addressed in a subsequent motion.

With respect to the instant motion, the fact that Fletcher Chrysler was the plaintiff's employer is not subject to dispute. In a case based on the alleged failure to pay minimum wage to an employee, the defendant <u>must</u> be the employer of the plaintiff. In this case, the plaintiff's employer – a "required party" pursuant to Fed. R. Civ. P. 19 – was not named as the defendant. As a result, the plaintiff has failed to state a claim upon which relief can be granted and has failed to include a required party in the lawsuit. The complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7).

FUQUA CAMPBELL, P.A.
425 West Capitol Avenue, Suite 400
Little Rock, Arkansas 72201
(501) 374-0200 - Telephone
(501) 975-7153 – Facsimile
pcampbell@fc-lawyers.com

By:   /s/ Phil Campbell
      Phil Campbell, AR Bar No. 81028

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Phil Campbell, do hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System with notification to the following individual, this 1st day of September, 2010:

Alan G. Crone
KRAMER + CRONE, PLC
80 Monroe Ave., Ste. G-1
Memphis, TN  38103

/s/ Phil Campbell