IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KELLIE KEMP, Individually and                                                                              PLAINTIFF
On Behalf of All Similarly Situated Persons

v.                                            No. 4:10CV01122 JLH

FRANK FLETCHER COMPANIES, LTD., an
Arkansas Limited Partnership; FRANK FLETCHER
AUTO GROUP, LLC, an Arkansas Limited Liability
Company; and FLETCHER AUTOMOTIVE NO. 20,
LLC, an Arkansas limited liability company
d/b/a FLETCHER CHRYSLER DODGE JEEP                                                      DEFENDANTS

### OPINION AND ORDER

On August 6, 2010, Kellie Kemp filed a collective action against Frank Fletcher Companies and Frank Fletcher Auto Group alleging that the defendants refused to pay her minimum wage for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The defendants filed a motion to dismiss the complaint, contending that the complaint failed to state a claim upon which relief may be granted or, in the alternative, did not join a necessary party pursuant to Federal Rule of Civil Procedure 19. *See* Fed. R. Civ. P. 12(b)(6)-(7). On October 12, 2010, Kemp amended her complaint to include Fletcher Automotive No. 20 ("Fletcher Chrysler") as a defendant. For the following reasons, the motion to dismiss is denied.

I.

Along with their motion, Frank Fletcher Companies and Frank Fletcher Auto Group have submitted evidence outside of the pleadings to which they refer to buttress their arguments. If matters outside the pleadings are presented to and not excluded by the court, then a motion to dismiss must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, when

the court is able to exclude the outside evidence in making its ruling, the motion to dismiss need not be converted into a motion for summary judgment. *See, e.g.*, *Duffer v. Tyco Int'l Ltd.*, No. 4:07-CV-4070, 2008 WL 4417293, at *2 (W.D. Ark. Sept. 26, 2008) (deciding it was not necessary for the court to consider matters outside the pleadings to resolve the defendant's Rule 12(b)(6) motion to dismiss); *see also Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002) (noting that "a district court does not convert a motion to dismiss into a motion for summary judgment when it does not rely upon an affidavit in dismissing a claim"). "A court has wide discretion in electing to consider matters outside the pleadings." *Skyberg v. United Food & Commercial Workers Int'l Union, AFL-CIO*, 5 F.3d 297, 302 n.2 (8th Cir. 1993).

Kemp points out that discovery has not commenced in this case, and she asks the Court to provide her with an opportunity to file a Rule 56(f) motion if the Court considers the defendants' motion as one for summary judgment. Generally, summary judgment is not proper unless "the nonmovant has had adequate time for discovery." *In re TMJ Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997). Because the parties have not conducted any discovery and the Court can consider the defendants' motion to dismiss without going beyond the four corners of the complaint, the Court declines to convert the motion to one for summary judgment and will not consider evidence outside of the complaint.

## II.

Frank Fletcher Companies and Frank Fletcher Auto Group argue that Kemp has failed to state a claim upon which relief can be granted because they are not Kemp's employer within the meaning of the FLSA and thus cannot be held liable. In ruling on a motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to

determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

Here, Kemp has alleged a claim for relief under the FLSA. She alleges that the Frank Fletcher Companies, Frank Fletcher Auto Group, and Fletcher Chrysler were her employers, that Kemp regularly worked more than forty hours per week, and that the defendants failed to compensate her for all of the hours that she worked at a rate no less than the minimum wage. These allegations, if true, would constitute a violation of 29 U.S.C. § 206(a), which requires an employer to pay employees minimum wage for all hours worked. Frank Fletcher Companies and Frank Fletcher Auto Group contend that they "were not the plaintiff's employer . . . within the meaning of the FLSA." (Def.'s Br. in Support of Mot. to Dismiss p.4.) Because Kemp alleges that they were her employers and the Court must accept that allegation as true on a motion to dismiss, Kemp has stated a claim for relief under the FLSA.

### III.

The defendants also argued that Kemp's complaint must be dismissed because she failed to join Fletcher Chrysler as a defendant, and Fletcher Chrysler is a necessary and indispensable party

under Federal Rule of Civil Procedure 19. *See* Fed. R. Civ. P. 12(b)(7). Since their motion was filed, Kemp has amended her complaint to include Fletcher Chrysler as a defendant to the complaint. Thus, the defendants' motion to dismiss for failure to join is denied as moot.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is DENIED. Document #4.

IT IS SO ORDERED this 18th day of October, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE